IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ronald James Reed,                  :
                                    :
         Plaintiff,                 :
                                    :    Case No. 2:08-cv-1088
    v.                              :
                                    :    JUDGE WATSON
Judge John J. Mascio, et. al.,      :
                                    :
         Defendants.                :

<u>REPORT AND RECOMMENDATION AND ORDER</u>

Plaintiff, Ronald James Reed, a state prisoner, filed this action seeking relief from a large number of defendants. All of his claims arise out of a state court criminal proceeding and his subsequent incarceration. He has asked for leave to proceed *in forma pauperis* and has submitted the necessary account statement from his institution. He has also moved for leave to submit nine pages of the docket sheet from a state court case. That motion (#2) is granted and the Court will consider the docket sheet as part of its review of Mr. Reed's complaint. The case is before the Court both to determine whether to assess an initial filing fee under 28 U.S.C. §1915(b)(1) for an initial screening pursuant to 28 U.S.C. §§1915(e)(2) and 1915A. For the following reasons, the Court will, in a separate order, assess a filing fee. In this Report and Recommendation, the Court will recommend that the case be dismissed.

                                    I.

28 U.S.C. §1915(b)(1) requires the Court to assess an initial partial filing fee in any "civil action" filed by a

prisoner who seeks leave to proceed in forma pauperis. The statute sets out the method by which that fee is to be calculated, and also provides, in section (b)(2), for payment of any unpaid balance of the filing fee out of the prisoner's institutional account, on a monthly basis. The filing fee for a civil action is currently $350.00.

Not every prisoner who files a case in the United States District Court, however, must pay that fee. Prisoners who seek habeas corpus relief under 28 U.S.C. §2254 must pay only a five-dollar fee, see 28 U.S.C. §1914(a), and the partial filing fee assessment provisions of §1915(b) do not apply in habeas corpus actions. Kincade v. Sparkman, 117 F. 3d 949 (6th Cir. 1997). Thus, before assessing a filing fee in this case, the Court must determine if the complaint seeks relief under 42 U.S.C. §1983, in which case it is a "civil action" subject to the filing fee assessment provisions found in §1915(b), or whether it seeks relief available only under 28 U.S.C. §2254. That determination depends upon whether Mr. Reed is raising claims having to do with the conditions under which he is being held or seeking damages for allegedly unconstitutional events that surrounded his conviction, or whether he is seeking release from prison or a shortening of his sentence. The former are claims that are properly brought in a §1983 action, and the latter can be brought only in a petition for a writ of habeas corpus. Preiser v. Rodriquez, 411 U.S. 475 (1973).

Mr. Reed makes eighteen separate claims in his complaint. Many of them suggest that he is serving additional time in prison beyond what was called for in his plea agreement. If he were seeking enforcement of the plea agreement and asking for release from prison, these claims would be habeas corpus claims. However, he appears to be asking only for compensatory damages for the additional time he is serving, along with damages for

other actions of the defendants which do not directly relate to the length of his sentence or the fact of his conviction. Therefore, the Court construes the entire complaint as having been brought under 42 U.S.C. §1983, and subject to the filing fee requirements of 28 U.S.C. §1915(b). The Court will issue a separate order which assesses the appropriate initial filing fee and describes the procedure by which the balance of the fee will be collected. The Court now turns to the question of whether any of the claims in the complaint are frivolous or fail to state a claim upon which relief can be granted.

## II.

28 U.S.C. § 1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if . . . (B) the action . . . is frivolous or malicious [or] fails to state a claim on which relief can be granted . . . ." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 409 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). *Pro se* complaints are to be construed liberally in favor of a *pro se*

-3-

party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint will be considered.

The first issue which is apparent from the face of the complaint is that almost everything about which Mr. Reed complains happened more than two years before he tendered his complaint. This is significant because the statute of limitations for claims under 42 U.S.C. §1983 is two years, and any action filed under that section must be filed within two years of the date that the allegedly unconstitutional act occurred. Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989).

Although Mr. Reed's complaint is not completely clear, he appears to allege that he was convicted of a crime in the Jefferson County, Ohio Common Pleas Court in 1986, and perhaps re-convicted or resentenced in 1989. Those dates appear on the docket sheet which is attached to his more recent filing (#2). He states that he was given a sentence which, with good time credits, would have resulted in his release from prison in 1995. He describes the failure to release him at that time as a breach of the contract which was created by the plea agreement. Obviously, if that breach occurred, it happened in 1995, which is more than two years before Mr. Reed filed this action, and he has known about it since that date.

Mr. Reed also makes many claims concerning an adjudication made by the same court that he is a sexual predator. Again, both his complaint and the docket sheet reflect that this decision was made in 2000 and affirmed on appeal in 2001. He makes various allegations about the propriety of the proceedings, and includes claims not only against the judges who presided in his case but both the Jefferson County prosecutor and the attorneys appointed to represent him in the trial court and on appeal. Regardless of

the merits of these claims (and they have many other deficiencies, including the immunity afforded to judges and prosecutors and the fact that appointed attorneys do not act "under color of law" for purposes of §1983), all of the events relating to this adjudication occurred from 1999 to 2001, or more than two years before Mr. Reed filed this action.  Therefore, any claims relating to his conviction, sentence, plea agreement, and adjudication as a sexual predator in 2000 are barred by the applicable statute of limitations.

Mr. Reed does mention some dates in his complaint which are within two years of the date of filing.  Apparently, these all have to do with an attempt on the part of the Jefferson County prosecutor to apply the Adam Walsh Act to Mr. Reed.  Mr. Reed does not explicitly state that he has been subjected to any type of adjudication under that statute, so it is not clear exactly what his claim is.  However, it is clear that this claim is being asserted against either judges or prosecutors.  Judges have immunity from suit under §1983 for any actions taken in a judicial capacity, and prosecutors have immunity for any acts taken in their capacity as prosecutors.  See Stump v. Sparkman, 435 U.S. 349 (1978); Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  Any attempt by a prosecutor to apply a statute to an individual through judicial proceedings is a prosecutorial act, and any judge who presides over such proceedings is engaging in a judicial act.  Therefore, even if this claim did not accrue until 2007, all of the defendants who have been sued on this claim are immune from suit because of the capacity in which they appear to have acted.

III.

The above analysis shows that all of Mr. Reed's claims are either barred by the statute of limitations which applies to

§1983 claims, or have been asserted against defendants who are immune from suit. Consequently, it is recommended that this case be dismissed under 28 U.S.C. §§1915(e)(2) and 1915A. It is further recommended that, if the Court adopts this recommendation and dismisses these claims, a copy of the complaint, the Report and Recommendation, and the dismissal order be mailed to the defendants.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir 1981).

/s/ Terence P. Kemp
United States Magistrate Judge